People v Colbert (2018 NY Slip Op 04879)





People v Colbert


2018 NY Slip Op 04879


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


690 KA 16-01988

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DALILA COLBERT, DEFENDANT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (PATRICIA L. DZIUBA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered September 23, 2016. The judgment convicted defendant, upon a jury verdict, of arson in the fourth degree, criminal mischief in the third degree, endangering the welfare of a child (three counts), criminal mischief in the fourth degree, driving while intoxicated, and harassment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of criminal mischief in the third degree and dismissing count five of the indictment and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, arson in the fourth degree (Penal Law § 150.05 [1]) and criminal mischief in the third degree (§ 145.05 [2]). Viewing the evidence in light of the elements of the crime of arson in the fourth degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to that crime (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that the verdict finding her guilty of criminal mischief in the third degree is against the weight of the evidence. County Court instructed the jurors that defendant was guilty of that crime if they found that she intentionally "damage[d] property of another person in an amount exceeding $250," specifically "a Suzuki motorcycle." The People presented evidence that a motorcycle belonging to defendant's husband was completely destroyed by the fire that defendant allegedly set, a loss valued at over $4,000. No evidence was offered of the value of any damage caused by defendant prior to the fire, and the only evidence of how and why the fire started came from defendant's statements to law enforcement, wherein she stated that she did not know why she started the fire, but that she was angry at her husband with whom she had been fighting and thought that he would return to the garage to put out the fire. Moreover, defendant told law enforcement that she started the fire by igniting a fleece blanket in a part of the garage different from where the motorcycle was located. Defendant's statements are consistent with the testimony of the fire protection inspector regarding the origin of the fire and are not contradicted by any other evidence in the record. Thus, viewing the evidence in light of the elements of the crime of criminal mischief in the third degree as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the jury's determination that defendant set the fire with the intention of damaging her husband's motorcycle is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). We therefore modify the judgment by reversing that part convicting defendant of criminal mischief in the third degree and dismissing that count of the indictment.
In light of our decision, defendant's remaining contentions are moot.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court